IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GABRIEL GONZALEZ,** | : CIVIL ACTION NO. 1:22-CV-1715 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **B. SALAMON**, *et al.*, | : |
| **Defendants** | : |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Gabriel Gonzalez, a prisoner in the Rockview State Correctional Institution ("SCI-Rockview"), alleges violations of his civil rights by several SCI-Rockview employees. We have screened the complaint pursuant to 28 U.S.C. § 1915A and conclude it fails to state a claim upon which relief may be granted. The complaint will be dismissed without prejudice and Gonzalez will be granted leave to file an amended complaint.

I.      **Factual Background & Procedural History**

Gonzalez initiated this case through the filing of a complaint on October 28, 2022. (Doc. 1). The court issued two thirty-day administrative orders requiring Gonzalez to either pay the requisite filing fee or move to proceed *in forma pauperis*. (Docs. 6, 9). Gonzalez subsequently paid the filing fee on January 3, 2023. (Doc. 10).

According to the allegations in the complaint, Gonzalez suffers from a blood disorder known as G6PD that requires a diet not containing soy or legumes. (Id. at 1). The complaint alleges that Defendant Salamon, SCI-Rockview's superintendent, "has continuously aided" a "cover up" orchestrated by Defendants Rowe, Ellers,

Preston, Brown, and Weaver and that "physical body damage has taken place." (Id.)  Gonzalez seeks injunctive relief requiring the prison to provide him with his required diet and $100,000 in damages.  (Id.)

## II.     Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915A.[1]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b).

## III.    Discussion

Gonzalez brings his constitutional claims under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law.

---

[1] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   **(2)** seeks monetary relief from a defendant who is immune from such relief.

See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."  Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Having reviewed Gonzalez's complaint, we will dismiss it without prejudice for failure to state a claim upon which relief can be granted.  Although Gonzalez's claims are presumably based on defendants' failure to provide the diet required to treat his G6PD, there is no allegation in the complaint that defendants actually failed to provide the diet.  (See Doc. 1).  Instead, Gonzalez only makes the vague and conclusory allegations that defendants Rowe, Ellers, Preston, Brown, and Weaver have orchestrated a "cover up" and that Defendant Salamon has "aided" the cover up.  (Id. at 1).  It is not clear from the complaint what the defendants are covering up.  Moreover, even assuming that the complaint pertains to Gonzalez's diet, the complaint does not allege how the defendants were personally involved in withholding the allegedly necessary diet.  See, e.g., Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018) (noting that defendants must be personally involved in alleged civil rights violations to be held liable for the violations).

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008).  Leave to amend is appropriate here because Gonzalez's claims are factually, rather than legally, deficient.

## IV. <u>Conclusion</u>

We will dismiss the complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. Gonzalez will be granted leave to amend. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER<br>
Christopher C. Conner<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated:    January 13, 2023