IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GABRIEL GONZALEZ,** | : | CIVIL ACTION NO. 1:22-CV-1715 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **B. SALAMON**, *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Gabriel Gonzalez, alleges that defendant prison officials were deliberately indifferent to a risk of serious harm to him when they changed his diet away from the medically necessary diet he had previously been receiving to treat a blood disorder. The case is proceeding on Gonzalez's amended complaint. Defendants have moved to dismiss the amended complaint. The motion will be granted in part and denied in part.

I. **Factual Background & Procedural History**

Gonzalez filed this case on October 28, 2022. (Doc. 1). The original complaint alleged that he suffers from a blood disorder known as G6PD that requires a diet not containing soy or legumes. (Id. at 1). The complaint vaguely alleged that defendants, various prison officials employed at Rockview State Correctional Institution ("SCI-Rockview"), were engaged in a "cover up," but did not specify what they were covering up or how this purported "cover up" was connected to Gonzalez's blood disorder. (See id.)

The court dismissed the complaint without prejudice on January 13, 2023, finding that Gonzalez had failed to allege how defendants were personally involved in the alleged violations of his civil rights. (Docs. 11-12). The court granted Gonzalez leave to file an amended complaint to cure the deficiencies identified by the court. (Id.)

Gonzalez timely filed an amended complaint on February 14, 2023. (Doc. 13). According to the amended complaint, Gonzalez was transferred from SCI-Smithfield to SCI-Rockview on July 23, 2021 and placed in SCI-Rockview's restricted housing unit. (Id. at 1). Gonzalez's medical records were allegedly transferred to SCI-Rockview with him. (Id.) The medical records indicated that Gonzalez had been given an alternative diet approved by a physician to treat his G6PD. (Id.)

The amended complaint alleges that without Gonzalez's knowledge, defendants Ellers, Preston, and McKenna arranged to switch Gonzalez to a different diet from that which was previously approved by his physician. (Id.) Defendants were allegedly aware that the new diet would be harmful to Gonzalez. (Id.) Ellers, Preston, and McKenna allegedly authorized defendant Weaver, the prison's culinary supervisor, to serve Gonzalez the new diet. (Id.)

According to the amended complaint, Gonzalez became ill for approximately two months, during which time he filed request slips to Preston, Ellers, McKenna, Weaver, and defendants Salamon and Rowe, the prison's superintendent and deputy superintendent. (Id. at 1-2). Gonzalez purportedly received assurances that his dietary restrictions were reinstated by Rowe. (Id. at 2). Believing that the

matter had been resolved, Gonzalez consumed a meal on September 21, 2021, which allegedly caused him to experience a hemolytic episode. (Id.) The episode caused Gonzalez to fall and strike his head on a steel door, which knocked him unconscious. (Id.) The amended complaint avers that after this incident defendant McKenna admitted to Gonzalez that he, Preston, and Ellers had switched Gonzalez's diet from the physician-approved diet he had previously been given and had not reinstated the diet, leading inexorably to the hemolytic episode. (Id.)

The amended complaint names as defendants Preston, Ellers, McKenna,[1] Weaver, Salamon, Rowe, and Ann Brown, the Pennsylvania Department of Corrections' dietician. (Id. at 1-2). Gonzalez seeks $1 million in damages, injunctive relief requiring the Pennsylvania Department of Corrections to give him the diet previously approved by a physician, a transfer to the prison of his choice, and permanent placement in a single cell without a cellmate. (Id. at 2).

Defendants Salamon, Rowe, Ellers, Brown, and Weaver ("DOC defendants") moved to dismiss the complaint on April 20, 2023. (Doc. 23). DOC defendants argue that Gonzalez fails to allege the personal involvement of Salamon and Rowe and that the complaint fails to state a deliberate indifference claim upon which relief may be granted. (Doc. 29). Briefing on the motion to dismiss is complete and it is

---

[1] We liberally construe the amended complaint as naming McKenna as a defendant despite him not being formally named as a defendant in the complaint or the amended complaint. Because McKenna has not been served with process, we will direct the Clerk of Court to complete service in the order accompanying this memorandum.

ripe for review. (Docs. 29, 33). Defendant Preston has not joined the motion and has filed an answer to the amended complaint. (Doc. 28).

## II.     Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting

4

Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants.  Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018).  *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**III.   Discussion**

Gonzalez brings his constitutional claims under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United

5

States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence. Id. A defendant's review and denial of a prisoner's grievance is not sufficient to establish the defendant's personal involvement in an underlying violation of the prisoner's constitutional rights. Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020).

We agree with defendants that Gonzalez has failed to allege the personal involvement of defendants Salamon and Rowe. There are no allegations in the amended complaint as to how Salamon and Rowe personally participated in the decision to change Gonzalez's diet other than the vague and conclusory assertion that Gonzalez's diet "was supposed to have been fixed by Deputy M. Rowe." (Doc. 13 at 2). To be clear, Gonzalez seeks to hold Salamon and Rowe liable for the alleged violations of his civil rights solely based on their roles as superintendent and deputy superintendent of the prison and the fact that he sent staff request slips to them, (see id. at 1-2), neither of which is sufficient to allege their personal involvement. Hence, we will dismiss the claims against Salamon and Rowe.

6

We will deny the motion to dismiss in all other respects. Gonzalez's claims sound in deliberate indifference to a serious medical need in violation of the Eighth Amendment. To state a claim for deliberate indifference, a plaintiff must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." Id. (citation omitted). A prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. 825, 837 (1994). Gonzalez alleges that defendants Ellers, Brown, Weaver, McKenna, and Preston were aware of Gonzalez's blood condition and need for a specialized diet, that the defendants intentionally disregarded the need for a specialized diet, and that their actions caused him to experience a hemolytic episode that resulted in him hitting his head on a steel door and being knocked unconscious. We find this sufficient to allege deliberate indifference to a serious medical need.

Before dismissing a civil rights claim for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. We will grant leave to amend because Gonzalez's dismissed claims against Salamon and Rowe are factually, rather than legally, deficient.

### IV.     Conclusion

We will grant DOC defendants' motion to dismiss in part and deny it in part, dismiss the claims against defendants Salamon and Rowe without prejudice, and grant plaintiff leave to file a second amended complaint. We will additionally direct the Clerk of Court to serve defendant McKenna with process and impose case management deadlines that will govern this case. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     January 9, 2024